# 10 CA 11215 DPW

%AO 241
(Rev. 10/07)

MAGISTRATE JUDGE *Collings*

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: MASSACHUSETTES | |
|---|---|---|
| Name (under which you were convicted): JAMALL  COPELAND | | Docket or Case No.: SUCR04-11024 |
| Place of Confinement: Shirley,Ma 01464    P.O.1218 | | Prisoner No.: W-87791 |
| Petitioner (include the name under which you were convicted)    Jamall copeland | Respondent (authorized person having custody of petitioner)    v.   Massachusettes,Department of    Correction.Duane Mac Eachern | |
| The Attorney General of the State of  Martha Coakley | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: Suffolk County Courthouse,One-Pemberton SQ.Suite 1200,Boston,Ma 02108

    (b) Criminal docket or case number (if you know): SUCR 04-11024

2.  (a) Date of the judgment of conviction (if you know): May 19th 2006

    (b) Date of sentencing: June 8th 2006

3.  Length of sentence: 15-Mandatory Minimum,3 to 5 Years From and After

4.  In this case, were you convicted on more than one count or of more than one crime?    x☑ Yes   ☐ No
    More than one count,only one Crime

5.  Identify all crimes of which you were convicted and sentenced in this case: Possession of Fire arm Possession of High Capacity Feeding Device.

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

     ☒ Jury     ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☐ Yes     ☒ No

8.   Did you appeal from the judgment of conviction?

     ☒ Yes     ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: S.J.C. John-Adams-CourtHouse,Suite2500,One
Pemberton,Sqaure,Boston,Ma 02108-1750
(b) Docket or case number (if you know): NO: SUCR-04-11024

(c) Result: Conviction-Affimed-Further Appealet-Review Denied

(d) Date of result (if you know): Febuary 24th 2010

(e) Citation to the case (if you know): UKNOWN

(f) Grounds raised: A. Prosecutor's Argument Misstated the Evidence and was
Prejudicial.

     B. Appeals Court Erroneously Relied upon Facts not Based on the
Evidence and Offenses Defendant was Found Not Guilty of
Committing to Support Constructive Possession of a Firearm.

     C. Defendant's Waiver of his Right to a Jury Trial on the
Armed Career Criminal Indictment was Involuntary.

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

     If yes, answer the following:

     (1) Name of court: S.J.C. John Adams Courthouse,Suite 2500 One Pembeton Sc
Boston,Ma 02108-1750
     (2) Docket or case number (if you know): NO: SUCR2004-11024

     (3) Result: Affirmed

     (4) Date of result (if you know): Dec 17-2009 AppealsCourt Affirms Conviction
Feb-24-2010,S.J.C.Denied Further Appealet Review.

AO 241
(Rev. 10/07)                                                                                                   Page 4

     (5) Citation to the case (if you know): ÜnKnown

     (6) Grounds raised: Uknown

   (h) Did you file a petition for certiorari in the United States Supreme Court?          ☐ Yes      ☒ No

     If yes, answer the following:

     (1) Docket or case number (if you know):

     (2) Result:

     (3) Date of result (if you know):

     (4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

     concerning this judgment of conviction in any state court?          ☐ Yes      ☒ No

11.    If your answer to Question 10 was "Yes," give the following information:

   (a)   (1) Name of court:

       (2) Docket or case number (if you know):

       (3) Date of filing (if you know):

       (4) Nature of the proceeding:

       (5) Grounds raised:

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes      ☒ No

       (7) Result:

       (8) Date of result (if you know):

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐   Yes   ☒ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

◻   Yes      ☒  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

| | | | | |
|---|---|---|---|---|
| (1) First petition: | ☒ | Yes | ◻ | No |
| (2) Second petition: | ◻ | Yes | ◻ | No |
| (3) Third petition: | ◻ | Yes | ◻ | No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: A. Prosecutor's Argument Misstated the Evidence and was
Prejdicial. Prosecutor stated to jury that defendant put Firearm under
wooden pallet. Fact! There was no Evidence defendant ever possessed
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Firearm.

(b) If you did not exhaust your state remedies on Ground One, explain why: Because i have several
issues that need to be addressed.

Defendandant's Motion for A Required Finding of Not Guilty
AO 241 On the Firearm Charges Should Have Been Alloowed as
(Rev. 10/07) Defendant Could Not Been Found To Construtively
Possess The Firearm.

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Motion For Required Findin of Not Guilty Was Denied.
Type of motion or petition: Motion for Required Finding .

Name and location of the court where the motion or petition was filed: Suffolk County Courthouse One Pembeton SQ.Boston,Ma 02108-1750

Docket or case number (if you know): NO: SUCR-04-11024

Date of the court's decision: 5-19-06

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Because my attorney did not appeal and i was ignorant to the law at the time.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:UNKNOWN

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

```
Defendant was never in Constructive Possession of any
Firearm.Also Defendant was never Identified by anyone.
Those are facts.
```

(b) If you did not exhaust your state remedies on Ground Two, explain why:

```
Because i have three grounds,three issues.

There was no Evidence That Defendant Physically
Possessed Any Firearm And The PROSECUTOR Misstated
The Evidence IN His Closeing ARGUMENT.
```

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: My Attorney Objected to
TheProsecuters Misstatements.
Type of motion or petition: UNKNOWN

Name and location of the court where the motion or petition was filed:

```
SuffolkSuperior Courthouse,One Pembeton SQ.
Boston,Ma 02108
```
Docket or case number (if you know):
NO;SUCR-04-11024

Date of the court's decision:

```
5-19-06
```

AO 241
(Rev. 10/07)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Defendant was Ignorant to the Law,And Attorney did
not raise the issue.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Court was not aware that it had the Discretion
To proceed with the Career Offender Indicment to a
To a Different Jury Rendering Defendant's Jury
Waiver Inefective.

AO 241
(Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

`Because Defendant was Ignorant to the law and my`
`Attorney did not Appeal the Dission.`

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

`Unkown`

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

`ONLY THREE GROUNDS RAISED.`

(b) If you did not exhaust your state remedies on Ground Four, explain why:

`ONLY THREE GROUNDS RAISED.`

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes        ☒  No

(2) If you did not raise this issue in your direct appeal, explain why:

`ONLY THREE GROUNDS RAISED.`

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes        ☒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Page 12

Name and location of the court where the motion or petition was filed:

S.J.C.John Adams Courthouse,Suite2500 One Pembeton SQ.
Boston,Ma 02108-1750
Docket or case number (if you know):   NO;SUCR-04-11024

Date of the court's decision:  Febuary 24,2010

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:  Court Affirmed Convition.

Name and location of the court where the appeal was filed:
S.J.C.John Adams Courthouse,Suite2500 One Pembeton SQ.
Boston,Ma 02108-1750

Docket or case number (if you know): NO;SUCR-04-11024

Date of the court's decision:  Febuary 24,2010

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

Only Three Grounds.

AO 241
(Rev. 10/07)

Page 13

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes     ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes     ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes     ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 10/07)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the
      judgment you are challenging:

(a) At preliminary hearing: Attorney John Miller

(b) At arraignment and plea: Attorney John Miller

(c) At trial: Attorney John Miller

(d) At sentencing:      Attorney John Miller

(e) On appeal:     Thomas J.Iovieno

(f) In any post-conviction proceeding:      Unkown

(g) On appeal from any ruling against you in a post-conviction proceeding: Unkown

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
      challenging?          ☐ Yes    ☒ No
      (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
future?          ☒ Yes    ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
      the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

      (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
              custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

           (A)      the date on which the judgment became final by the conclusion of direct review or the expiration
                   of the time for seeking such review;

           (B)      the date on which the impediment to filing an application created by State action in violation of
                   the Constitution or laws of the United States is removed, if the applicant was prevented from
                   filing by such state action;

           (C)      the date on which the constitutional right asserted was initially recognized by the Supreme
                   Court, if the right has been newly recognized by the Supreme Court and made retroactively
                   applicable to cases on collateral review; or

           (D)      the date on which the factual predicate of the claim or claims presented could have been
                   discovered through the exercise of due diligence.

✎AO 241
(Rev. 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

```
Defendant Prays That Honorable Court Correct All Erras
And Misstakes,And give Defendant New Trial Or Throw
Illeagle Convition Out.
```

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on     7-15-2010          (month, date, year).

Executed (signed) on   Jamall Copeland (date).  7-15-2010

M. Jamall Copeland
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Term ▶

NOTICE: Decisions issued by the Appeals Court pursuant to its rule 1:28 are primarily addressed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, rule 1:28 decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 1:28, issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.

COMMONWEALTH OF MASSACHUSETTS APPEALS COURT

### COMMONWEALTH vs. JAMALL COPELAND.

#### 08-P-2157

#### MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

The defendant was convicted of possession of a firearm,

G. L. c. 269, § 10(a); possession of a large-capacity feeding device, G. L. c. 269, § 10(m); committing a third firearm offense, G. L. c. 269, § 10(d); and of being an armed career criminal, G. L. c. 269, § 10G. On appeal, he argues that: (1) there was insufficient evidence of constructive possession; (2) the prosecutor misstated the evidence in his closing argument; and (3) his jury waiver was ineffective because the judge may not have been aware that she could empanel a new jury to hear the third offense and armed career criminal charges. We address each argument in turn, and affirm.

Proximity to, and awareness of, an illegal item are not sufficient to prove constructive possession; there must be 'plus' factors that indicate the defendant's ability and intention to exercise control over the item. Commonwealth v. Brown, 34 Mass. App. Ct. 222, 225-226 (1993). Taking the evidence, and the reasonable inferences to be drawn from it, in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), there were abundant 'plus' factors here. We recite a sample: the defendant was found kneeling on the wooden pallet under which the gun was found; the defendant refused to remove his hands from between his legs despite several orders from armed police to that effect; when the defendant finally complied with police orders, he made motions consistent with hiding the gun in the pallet; the gun was clean despite being found in a dusty, unused part of a basement; and finally, the defendant was identified by an eyewitness as the man who participated in an armed kidnapping using a similar-looking gun earlier in the day, and there was additional evidence corroborating that identification.

The defendant argues that the prosecutor made two misstatements during the closing. First, he contends that the prosecutor misstated the evidence when he said that the defendant refused to show his hands to police officers because he had a gun in his possession and was hiding it in the pallet. We disagree. The prosecutor's statement was fair commentary drawn from reasonable inferences based on the evidence at trial. See Commonwealth v. Duguay, 430 Mass. 397, 404 (1999) ('In a closing argument, the prosecutor may 'comment on evidence developed at trial and draw inferences from such evidence"), quoting from Commonwealth v. Chavis, 415 Mass. 703, 713 (1993). The defendant was found kneeling on a pallet in a cellar after having been chased by police who responded to a call reporting an armed kidnapping. The defendant kept his hand between his legs despite repeated demands by police to display them. He then made movements consistent with placing the gun beneath the pallet before displaying his hands to police. It certainly did not stray beyond the permissible bounds of argument for the prosecutor to argue that the reason for the defendant's delay in showing his hands to police was that he wanted first to dispose of the gun he was holding.

Second, the defendant argues that the evidence did not support the prosecutor's statement that the defendant was found by the police with a gun between his legs. The defendant is correct. However, any prejudicial effect from the statement was cured when, at the defendant's request, the judge instructed the jury that no witness had testified to seeing the defendant with a gun physically between his legs.

Additionally, the judge instructed the jury that closing arguments are not evidence, and that jurors should rely solely on their own recollections of the evidence. The defendant did not request any further instructions at trial; nor has he shown these instructions to be insufficient to cure whatever prejudice may have flowed from the prosecutor's misstatement.

Finally, the defendant argues that his jury waiver was ineffective because the judge may have labored under the mistaken impression that she could not empanel a new jury to try the third offense and armed career criminal charges. See G. L. c. 278, § 11A. To support this argument, the defendant refers to two instances during the colloquy when the judge informed the defendant of his right to have the pending charges tried before 'this jury' and 'the same jury.' Contrary to the defendant's argument, these comments do not reasonably give rise to the inference that the judge was unaware of her discretion to empanel a new jury. See *Fuentes v. Commonwealth,* 448 Mass. 1017, 1018 n.1 (2007) (where trial judge stated that she had 'no choice . . . but to declare a hung jury,' the court refused to conclude that the judge was unaware of her discretion on the matter). Regardless, the defendant had no right to be informed of the judge's discretion in any event. General Laws c. 278, § 11A, does not grant defendants a right to a new jury, and a judge may decline to empanel a new jury even where a defendant requests it. See, e.g., *Commonwealth v. Thompson,* 427 Mass. 729, 736-737 (1998). A judge is under no compulsion to explain this discretionary authority to a defendant during the colloquy.

For the reasons set out above, the judgments are affirmed.

*So ordered.*

By the Court (Kafker, Wolohojian & Milkey, JJ.),

Entered: December 17, 2009.

END OF DOCUMENT

 Term

Adobe Reader is required to view PDF images.



4 1

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK SS

Superior Court Department of the Trial Court
For the transaction of Criminal Business

May 2006 Sitting

## COMMONWEALTH

### VS.

## JAMALL COPELAND

SUCR2004-11024, Offense 002 - POSSESSION OF FIREARM, NOT HOME/WORK
NO LICENSE

## VERDICT SLIP

In the above-entitled case, we the jury say that the defendant is:

1. _____ NOT GUILTY

2. __X__ GUILTY of OFFENSE OF CHARGED

And this is their unanimous verdict.

Foreperson of the Jury

Date: May _19_ , 2006

- 23 -