UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| JAMALL COPELAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-11215-DPW |
| | ) | |
| MASSACHUSETTS DEPARTMENT OF | ) | |
| CORRECTION, AND DUANE MacEACHERN, | ) | |
| Superintendent, | ) | |
| | ) | |
| Respondents. | ) | |

_____)

## RESPONDENT'S ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and the Court's Order dated July 20, 2010, Respondents, the Massachusetts Department of Correction and Duane MacEachern, Superintendent, hereby answer the numbered paragraphs of Petitioner Jamall Copeland's petition for a writ of habeas corpus as follows:

1.  (a)  Admitted.

    (b)  Admitted.

2.  (a)  Admitted.

    (b)  Admitted.

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.     (a)     Admitted.

       (b)     Paragraph 6 (b) contains no allegations and therefore no response is
               required.

       (c)     Admitted.

7.     Admitted.

8.     Admitted.

9.     (a)     Admitted in part.  Petitioner appealed to the Massachusetts Appeals
               Court ("Appeals Court").

       (b)     Denied.  The Appeals Court docket number is 2010-P-2157.

       (c)     Admitted in part.  The Appeals Court affirmed Petitioner's
               convictions.

       (d)     Denied.  The Appeals Court affirmed Petitioner's conviction on
               December 19, 2009.

       (e)     Denied.  The Appeals Court citation is 76 Mass. App. Ct. 1102, 918
               N.E.2d 480 (2009).

       (f)     Admitted that these grounds as phrased in the petition, read in
               conjunction with Petitioner's appellate brief to the Massachusetts
               Appeals Court, were raised to the Massachusetts Appeals Court;
               otherwise denied.

       (g)     Admitted.

               (1)     Admitted.

               (2)     Denied.  The Massachusetts Supreme Judicial Court ("SJC")
                       docket number is FAR-18452.

               (3)     Denied.  The SJC denied Petitioner's application for further
                       appellate review.

               (4)     Admitted in part.  Petitioner's application to the SJC for further
                       appellate review was denied on February 24, 2010.

               (5)     Denied.  The SJC citation is 456 Mass. 1102, 922 N.E.2d 153
                       (2010) (Table).

       (6)     Denied in part.  Petitioner raised the following claims in his application  for further appellate review: (1) the prosecutor's improper closing argument was prejudicial as it related to the only indictment the jury found Petitioner guilty; (2) the Appeals Court erroneously relied on facts Petitioner was found not guilty of committing and contrary to the evidence in finding that Petitioner constructively possessed a firearm; and (3) Petitioner's waiver of his right to a jury trial on the armed career criminal indictment was not voluntary based on the trial court's comments that the indictment must proceed before the same jury that convicted Petitioner.

              Admitted that these grounds as phrased in the petition, read in conjunction with Petitioner's appellate brief to the Supreme Judicial Court, were raised to the Supreme Judicial Court; otherwise denied.

    (h)     Admitted.

       (1-4)   Paragraphs (h)(1-4) contain no allegations and therefore no response is required.

10.     Admitted.

11.    (a)   (1-5)   Paragraphs (a)(1-5) contain no allegations and therefore no response is required.

       (6)     Admitted.

       (7-8)   Paragraphs (a)(7-8) contain no allegations and therefore no response is required.

    (b)   (1-5)   Paragraphs (b)(1-5) contain no allegations and therefore no response is required.

       (6)     Admitted.

       (7-8)   Paragraphs (b)(7-8) contain no allegations and therefore no response is required.

    (c)   (1-5)   Paragraphs (c)(1-5) contain no allegations and therefore no response is required.

       (6)     Admitted.

(7-8)   Paragraphs (c)(7-8) contain no allegations and therefore no response is required.

(d)   (1)   Admitted.

(2-3)   Paragraphs (d)(2-3) contain no allegations and therefore no response is required.

(e)   Paragraph (e) contains no allegations and therefore no response is required.

12.   (Ground One)

(a)   To the extent that Paragraph 12, Ground One (a) contains allegations of fact, Respondent states that the state court record speaks for itself. Further answering, Respondent denies each and every allegation of fact that does not comport exactly with the state court record of Petitioner's criminal proceedings.

(b)   Paragraph (b) contains no allegations and therefore no response is required.

(c)   (1)   Admitted.

(2)   Paragraph (c)(2) contains no allegations and therefore no response is required.

(d)   (1)   Denied in part.  Petitioner's motion for a required finding of not guilty is not a post-conviction motion or petition for habeas corpus.

(2)   Admitted insofar as Petitioner did file a motion for required finding and it was denied.  Denied because this motion is not a post-conviction motion.

(3)   Admitted insofar as Petitioner was afforded a hearing for his motion for required finding.  Denied because this motion is not a post-conviction motion.

(4)   Denied because this motion is not a post-conviction motion. Further denied because Petitioner did raise this issue on appeal to the Appeals Court and SJC.

(5)   Denied because this motion is not a post-conviction motion. Further denied because Petitioner did raise this issue on appeal to the Appeals Court and SJC.

(6)     Paragraphs (d)(6) contains no allegations and therefore no response is required.

(7)     Denied because this motion is not a post-conviction motion. Further denied because Petitioner did raise this issue on appeal to the Appeals Court and SJC.

(e)     Admitted.

12.     (Ground Two)

(a)     To the extent that Paragraph 12, Ground Two (a) contains allegations of fact, Respondent states that the state court record speaks for itself. Further answering, Respondent denies each and every allegation of fact that does not comport exactly with the state court record of Petitioner's criminal proceedings.

(b)     Denied because Petitioner's answer is unresponsive to Question 12(b).

(c)     (1)     Admitted.

(2)     Paragraph (c)(2) contains no allegations and therefore no response is required.

(d)     (1)     Denied.  Petitioner did not raise this issue through a post-conviction motion or state habeas corpus petition.

(2)     Denied because objections by defense counsel is not considered an appeal.  Further denied because no post-conviction motion on this issue was ever filed by Petitioner. As a result, there is no docket number or court decision.

(3)     Denied because this is not a post-conviction motion.

(4)     Admitted because there was no motion to appeal from.

(5-6)   Paragraphs (d)(5-6) contain no allegations and therefore no response is required.

(7)     Denied because this is not a post-conviction motion.

(e)     Paragraph (e) contains no allegations and therefore no response is required.

12.     (Ground Three)

    (a)     To the extent that Paragraph 12, Ground Three (a) contains allegations of fact, Respondent states that the state court record speaks for itself. Further answering, Respondent denies each and every allegation of fact that does not comport exactly with the state court record of Petitioner's criminal proceedings.

    (b)     Paragraph (b) contains no allegations and therefore no response is required.

    (c)     (1)     Admitted.

        (2)     Paragraph (c)(2) contains no allegations and therefore no response is required.

    (d)     (1)     Admitted.

        (2)     Paragraphs (d)(2) contains no allegations and therefore no response is required.

        (3)     Admitted.

        (4)     Admitted.

        (5)     Admitted.

        (6)     Paragraph (d)(6) contains no allegations and therefore no response is required.

        (7)     Denied because issue was raised on appeal.  Admitted that counsel did not raise this issue in a post-conviction motion.

    (e)     Admitted.

12.     (Ground Four)

    (a)     Paragraph (a) contains no allegations and therefore no response is required.

    (b)     Paragraph (a) contains no allegations and therefore no response is required.

    (c)     Paragraph (c) contains no allegations and therefore no response is required.

(d)    (1)    Admitted.

       (2)    Denied.  Petitioner stated he did not raise a fourth ground and, in fact, stated there was no post-conviction motion.  Yet Petitioner has described circumstances regarding the filing of a post-conviction motion.  Because no fourth ground was raised, and no post-conviction motion was filed, all allegations in this paragraph are denied.

       (3)    Admitted.

       (4)    Admitted.

       (5)    Admitted.

       (6)    Denied.  Petitioner stated he did not raise a fourth ground and, in fact, stated there was no post-conviction motion.  Yet Petitioner has described circumstances regarding the filing of a post-conviction motion.  Because no fourth ground was raised, and no post-conviction motion was filed, all allegations in this paragraph are denied.

       (7)    Paragraph (d)(7) contains no allegations and therefore no response is required.

(e)    Paragraph (e) contains no allegations and therefore no response is required.

13.    (a)    Admitted.

       (b)    Paragraph (b) contains no allegations and therefore no response is required.

14.    Admitted.

15.    Admitted.

16.    (a)    Admitted.

       (b)    Admitted.

       (c)    Admitted.

       (d)    Admitted.

       (e)    Admitted.

    (f)       Admitted.

    (g)       Admitted.

17.    Admitted.

    (a-c)    Paragraphs (a-c) contains no allegations and therefore no response is required.

    (d)       Admitted.

18.    Question 18 contains no allegations and therefore no response is required.

Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents state that Petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below.  The information and/or materials required by Rule 5(c)-(d) and the Court's Order dated July 20, 2010, are contained in Respondents' Supplemental Answer, filed manually pursuant to Local Rule 5.4(g)(1)(e).

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied to the extent that Petitioner has procedurally defaulted on some or all of his claims.

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d)(1).

### Fourth Affirmative Defense

The Petition should be denied because the state-court adjudication of Petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings.  See 28 U.S.C. § 2254(d)(2).

**Fifth Affirmative Defense**

The Petition should be denied because Petitioner cannot rebut the presumption of correctness accorded to the state courts' factual determinations underlying his purportedly federal constitutional claims.  <u>See</u> 28 U.S.C. § 2254(e)(1).

**Sixth Affirmative Defense**

The Petition should be denied to the extent that Petitioner did not fairly present the substance of all of his federal habeas claims to the Supreme Judicial Court of Massachusetts as the exhaustion doctrine requires.  <u>See</u> 28 U.S.C. § 2254(b).

**Seventh Affirmative Defense**

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

**Eighth Affirmative Defense**

The Petition should be denied to the extent that Petitioner's grounds for relief are premised solely on matters of state law.

**Ninth Affirmative Defense**

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

**Tenth Affirmative Defense**

The Petition should be dismissed to the extent that Petitioner fails to allege any violation of the United States Constitution or federal law.  <u>See</u> 28 U.S.C. § 2254(a), § 2241(c)(3).

Respondent is still in the process of obtaining certain documents from the Suffolk County District Attorney's office in order to complete assembly of the Supplemental Answer.  Respondent intends to file the Supplemental Answer in this matter no later than November 22, 2010.

Respondents respectfully reserve the right to amend or supplement this Answer and their Supplemental Answer in the future should that need arise.

Respectfully submitted,

MASSACHUSETTS DEPARTMENT
OF CORRECTION, and
DUANE MACEACHERN,
Superintendent

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ Jennifer L. Sullivan
Jennifer L. Sullivan (BBO # 663945)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2833
jennifer.sullivan@state.ma.us

Dated: November 9, 2010

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Petitioner at the address below on November 9, 2010, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows:

Jamall Copeland, pro se
W87791
MCI-Shirley
P.O. Box 1218
Shirley, MA 01464

/s/  Jennifer L. Sullivan
Jennifer L. Sullivan (BBO No. 663945)
Assistant Attorney General